## Massaro v. Iavocola

*Thomas J. Minnick, Jr.*, for plaintiff.
*Edward W. Furia*, for defendant.

ALESSANDRONI, J., January 28, 1936.—This action in trespass was brought to recover damages alleged to have been sustained as a result of an assault and battery upon the plaintiff by the defendant. An affidavit of defense and counterclaim were filed, the affidavit of defense denying the assault and battery and the counterclaim seeking to recover damages for injuries suffered as the result of an assault and battery alleged to have been made upon the defendant by the plaintiff.

The basis of the rule now before us is that there is no legal justification for the filing of a counterclaim for damages for an assault and battery by the defendant in an action where the plaintiff seeks to recover damages for an assault and battery alleged to have been perpetrated upon himself. Under the Practice Act of May 14, 1915, P. L. 483, no provision was made for the filing of counterclaims in actions of trespass. An amendment to the Practice Act was passed in 1929 providing for the filing of counterclaims in negligence cases. That provision of the Act of April 4, 1929, P. L. 140, sec. 1, 12 PS §412, reads as follows:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

The clear language of the amendment excludes all but cases arising in negligence. There is no authority to extend its provisions to actions in trespass vi et armis. Therefore, the counterclaim cannot prevail and the rule to strike off should be made absolute.

And now, to wit, January 28, 1936, the rule to strike off the counterclaim in the above matter is made absolute.